# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-cv-20421-BLOOM/Reid

STEVEN BERNARD PIERRE,

      Petitioner,

v.

STATE OF FLORIDA and ATTORNEY
GENERAL OF THE STATE OF FLORIDA,

      Respondents.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court upon *pro se* Petitioner Steven Bernard Pierre's ("Petitioner") Motion for Reconsideration, ECF No. [10] ("Motion"), filed on March 2, 2020. The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

Petitioner initiated the instant action on January 30, 2020. ECF No. [1] ("Petition"). On January 31, 2020, this Court, in construing the Petition as a petition for writ of habeas corpus under 28 U.S.C. § 2254, dismissed the case for lack of jurisdiction because Petitioner resides in Haiti and therefore is not in custody as required under 28 U.S.C. § 2241(c) and § 2254(a). ECF No. [9] ("Order"). Petitioner now files the instant Motion, arguing that the Court erred in construing the Petition as a § 2254 petition for writ of habeas corpus because the Petition was actually a petition for writ of mandamus. ECF No. [10].

In his Petition, Petitioner argues that Florida state courts violated his rights under the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment by refusing to vacate his conviction, which was based on his unknowing, involuntary, and unintelligent *nolo contendere* plea,

and was only entered into due to the ineffective assistance of trial counsel and the trial court's failure to advise Petitioner as to the immigration consequences of his plea. ECF No. [1] at 5-25. Accordingly, the Petition states: "In sum, the ultimate aim is to have the conviction vacated for immigration purposes." *Id.* at 25. Aside from the request that Petitioner's conviction be vacated, the Petition does not appear to seek any additional relief. *See generally id.*

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). With this liberal construction in mind, the Court, in its Order dismissing the instant action, construed the Petition as one for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. [9]; *see Habeas Corpus*, Black's Law Dictionary (11th ed. 2019) (defining "habeas corpus" as "[a] writ employed to bring a person before a court, most frequently to ensure that the person's imprisonment or detention is not illegal . . . . In addition to being used to test the legality of an arrest or commitment, the writ may be used to obtain judicial review of (1) the regularity of the extradition process, (2) the right to or amount of bail, or (3) the jurisdiction of a court that has imposed a criminal sentence.").

In his Motion, however, Petitioner now argues that the Court's interpretation of his Petition was erroneous because the Petition did not seek a writ of habeas corpus, but rather a writ of mandamus. *See generally* ECF No. [10]. Moreover, Petitioner's Motion contends that the Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 158(a)(1), Article III, Sections 1 & 2 of the United States Constitution, and Federal Rule of Appellate Procedure 21(a)(2)(A)(i)-(iv), (c). ECF No. [10] at 14.[1] Thus, Petitioner's Motion requests that the Court "reinstate the action for

---

[1] *See* 28 U.S.C. § 158(a)(1) ("The district courts of the United States shall have jurisdiction to hear appeals . . . . from final judgments, orders, and decrees . . . . of bankruptcy judges entered in cases and

the post-conviction relief," through which Petitioner seeks to vacate his conviction for immigration purposes and to obtain a writ of mandamus requiring the "lower court(s)" (i.e., the Florida Third District Court of Appeal and the Supreme Court of Florida) to provide proof that the trial court did not fail to properly inform Petitioner of the immigration consequences faced by taking a plea. *Id.* at 20, 25.

A writ of mandamus is "[a] writ issued by a court to compel performance of a particular act by a lower court or a governmental officer or body, usu. to correct a prior action or failure to act." *Mandamus*, Black's Law Dictionary (11th ed. 2019). "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Additionally, "district courts shall have original jurisdiction of any action in the nature of

---

proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."); U.S. Const. art. III, § 1 ("The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office."); U.S. Const. art. III, § 2, cl. 1 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects."); U.S. Const. art. III, § 2, cl. 2 ("In all Cases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be Party, the supreme Court shall have original Jurisdiction. In all the other Cases before mentioned, the supreme Court shall have appellate Jurisdiction, both as to Law and Fact, with such Exceptions, and under such Regulations as the Congress shall make."); Fed. R. App. P. 21(a)(2), (c) ("(a) Mandamus or Prohibition to a Court: Petition, Filing, Service, and Docketing. . . . (2)(A) The petition must be titled 'In re [name of petitioner].' . . . (B) The petition must state: (i) the relief sought; (ii) the issues presented; (iii) the facts necessary to understand the issue presented by the petition; and (iv) the reasons why the writ should issue. . . . (c) Other Extraordinary Writs. An application for an extraordinary writ other than one provided for in Rule 21(a) must be made by filing a petition with the circuit clerk and serving it on the respondents. Proceedings on the application must conform, so far as is practicable, to the procedures prescribed in Rule 21(a) and (b).").

mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "The traditional use of the writ [of mandamus] . . . both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction." *Schlagenhauf v. Holder*, 379 U.S. 104, 109-10 (1964) (footnote omitted) (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)).

> [The writ of mandamus] is a "drastic and extraordinary" remedy "reserved for really extraordinary causes." *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947). "The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine [the court against which mandamus is sought] to a lawful exercise of its prescribed jurisdiction." *Roche v. Evaporated Milk [Ass'n]*, 319 U.S. 21, 26 (1943). Although courts have not "confined themselves to an arbitrary and technical definition of 'jurisdiction,'" *Will v. United States*, 389 U.S. 90, 95 (1967), "only exceptional circumstances amounting to a judicial 'usurpation of power,'" or a "clear abuse of discretion," *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953), "will justify the invocation of this extraordinary remedy," *Will*, 389 U.S. at 95.
>
> As the writ is one of "the most potent weapons in the judicial arsenal," *id.* at 107, three conditions must be satisfied before it may issue. *Kerr v. U.S. Dist. Court for [N.] Dist. of Cal.*, 426 U.S. 394, 403 (1976). First, "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires,"—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process, *Fahey*, 332 U.S. at 260. Second, the petitioner must satisfy "'the burden of showing that [his] right to issuance of the writ is "clear and indisputable."'" *Kerr*, 426 U.S. at 403 (quoting *Bankers Life & Casualty Co.*, 346 U.S. at 384). Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. *Kerr*, 426 U.S. at 403 (citing *Schlagenhauf v. Holder*, 379 U.S. 104, [111 n.8] (1964)).

*Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004) (some citations omitted).

"It requires no citation of authority to hold that the authority to grant a writ of mandamus does not give the court subject matter jurisdiction over the claim for which the writ is sought." *Quanren Lin v. Holder*, 333 F. App'x 454, 456-57 (11th Cir. 2009). Likewise, "federal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Lamar v. 118th Judicial*

*Dist. Court of Tex.*, 440 F.2d 383, 384 (5th Cir. 1971)[2] (citing *Haggard v. State of Tenn.*, 421 F.2d 1384 (6th Cir. 1970); *Clark v. Washington*, 366 F.2d 678 (9th Cir. 1966); *Rines v. Pennsylvania*, 285 F. Supp. 391 (E.D. Pa. 1968)); *see also Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973); *Anderson v. Beto*, 469 F.2d 1076, 1078 (5th Cir. 1972); *Church of Scientology of Ga., Inc. v. City of Sandy Springs, Ga.*, 843 F. Supp. 2d 1328, 1380 (N.D. Ga. 2012); *Carnage v. Sanborn*, 304 F. Supp. 857, 858 (N.D. Ga. 1969) ("28 U.S.C. § 1651 . . . is not a jurisdictional statute; it merely . . . . [authorizes a court] to issue appropriate writs only in those actions over which it already has jurisdiction. Furthermore, even though [28 U.S.C. § 1361] is a jurisdictional statute, giving the district courts 'original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner],' it is not applicable [in cases where the defendant] is a state rather than a federal employee.").

As these principles make clear, this Court does not have jurisdiction to issue a writ of mandamus directing Florida state courts to perform their duties in this case. *Lamar*, 440 F.2d at 384. Thus, absent some independent basis that properly invokes the limited jurisdiction of federal courts, this Court lacks the authority to grant a writ of mandamus. *Quanren Lin*, 333 F. App'x at 456-57. Moreover, Petitioner's citations to (1) Article III of the U.S. Constitution, (2) a federal district court's jurisdiction to hear bankruptcy appeals, and (3) the Federal Rules of Appellate Procedure, fail to establish any valid basis for this Court's jurisdiction over the instant action. The Court properly dismissed the instant action in its January 31, 2020, Order. Even construing the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

Petition as a petition for writ of mandamus, the Court nonetheless lacks jurisdiction to entertain Petitioner's claims. Therefore, Petitioner's Motion for Reconsideration is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion for Reconsideration, **ECF No. [10]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 5, 2020.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record